ERNST *v.* GRAND RAPIDS ENGRAVING CO.

1. MASTER AND SERVANT—DISCHARGE—JUSTIFICATION.

   A wilful refusal or neglect by a servant to obey reasonable orders of his master constitutes a sufficient ground for terminating the contract of employment: and a refusal to obey his foreman, if the servant knew that he was subject to the foreman's orders, and the use of obscene and abusive language towards his superior, would justify his dismissal.[1]

2. SAME.

   Whether defendant had sufficient ground to discharge plaintiff, who denied using profane or improper language as claimed by defendant, and denied that he refused to obey any orders of his foreman, or that he knew the foreman had authority over him, was a question for the jury, upon conflicting testimony, in an action for breach of contract.[2]

Error to Kent; McDonald, J. Submitted October 17, 1912. (Docket No. 117.) Decided December 17, 1912.

Assumpsit by Carl Ernst against the Grand Rapids Engraving Company for breach of a contract of employment. Judgment for plaintiff. Defendant brings error. Affirmed.

*Wilson, Wilson & Rice,* for appellant.

*Fred Maichele* and *Chris Maichele,* for appellee.

OSTRANDER, J. Plaintiff had with defendant a contract of employment until September 1, 1911, at a salary of $40

---

[1] The authorities on the duty of a servant to obey his master's orders are collated in a note in 24 L. R. A. (N. S.) 814.

[2] On the question of discharge of employé for disobedience of regulations, see note in 37 L. R. A. (N. S.) 950.

The general question of the duty of a servant in regard to the rules promulgated by his employer, is treated in a note in 43 L. R. A. 350.

per week. The contract was made August 12, 1910. Plaintiff was discharged by defendant April 14, 1911, and sued to recover his wages under the contract. He had earned something meantime in other employment, and a verdict in his favor was returned for his agreed salary less the sum which he had so earned. Judgment was entered on the verdict.

Two propositions are raised upon errors assigned by defendant: One, that plaintiff's testimony shows there was sufficient reason for his discharge; the other, that the court erred in instructing the jury as to what would be a sufficient cause for plaintiff's discharge. Both propositions involve the sufficiency of the cause for discharge asserted by defendant. Plaintiff was hired as foreman of its lithographic department. Defendant discontinued this department at or about the end of the year 1910. The reason was that the department did not prove to be a success. About January 1, 1911, plaintiff talked with the defendant's manager, and it was arranged between them that plaintiff should enter the designing branch of the engraving department, but not as foreman. Soon afterwards, John Hegner was made general foreman of the engraving department. Whatever trouble arose was between plaintiff and Hegner.

The court instructed the jury upon the subject as follows:

"As I said, the defendant claims that he was discharged because of insubordination and disobedience to proper orders. It is the duty of a servant to obey all lawful and reasonable orders of his employer, or those representing him, and this obligation on the part of the employé is implied from the contract of employment; and a wilful refusal or neglect on his part to obey such orders amounts to insubordination, and constitutes a sufficient ground for his dismissal. The acts which the defendant claims constitute insubordination and disobedience to proper orders in this case were using obscene and abusive language to the general overseer of the engraving department, refusing to recognize his authority, and to report

to him. You have heard the defendant's evidence on that claim. The plaintiff claims that he did not use obscene and abusive language to the general overseer, that he did not refuse to do any work which he was requested to do, and that he did not report to the overseer because he had not been informed that he should do so and had no reason to believe that to be a part of his duty. It is admitted that the plaintiff was discharged, and, as some of the facts and circumstances surrounding the transaction are in dispute, it is for you to say, under the facts as you find them and the law as I give it to you, whether the discharge was lawful. If the plaintiff was guilty of conduct which would justify his discharge, it must be found in what he said to the overseer just before they went to the president's office. If you find that he then refused to take any orders from the overseer, and that he used the language which it is claimed he used, such conduct would be a legal justification for his dismissal, providing that he knew at the time that Mr. Hegner was his superior officer from whom it was his duty to take orders and instructions and to whom he should report. In other words, his conduct, if it was as the defendant claims, was sufficient to justify his discharge, if it was wilful. 'Wilful' means intentional and wrongful. A wilful disobedience must be an intentional disobedience. It is something more than a conscious failure to obey. It involves a wrongful and perverse disposition, such as to render his conduct unreasonable and inconsistent with proper subordination. If Mr. Ernst knew that Mr. Hegner was his overseer, and that it was his duty to take orders from him and report to him, and, knowing these things, he refused to recognize Hegner's authority and accompanied his refusal with profane and indecent language, such conduct would justify his discharge; and, if you so find, the plaintiff cannot recover in this action. If, on the other hand, the plaintiff's conduct was not wilful, he was unlawfully discharged, and he can recover in this action. Every act of disobedience or insubordination will not constitute lawful reason for discharging an employé. As I said, the conduct must be wilful and it must be inconsistent with his duties to his employer."

The court gave also defendant's requests to charge 5 and 6, somewhat modified, as follows:

" If you shall find from the evidence that after plaintiff entered defendant's engraving department, Mr. Hegner was appointed general foreman of that department, and that plaintiff was subject to his reasonable directions, it was his duty to recognize Mr. Hegner's authority as foreman. Plaintiff's testimony shows that on the day of and just previous to his discharge he refused to recognize Mr. Hegner's authority. If you so find, as before stated, that Mr. Hegner was plaintiff's foreman, a wilful refusal on the part of the plaintiff to recognize Mr. Hegner as foreman would constitute such an insubordination as would justify the plaintiff's discharge, and in that case your verdict will be for the defendant.

"If you shall find from the evidence that Mr. Hegner was the foreman of defendant's engraving department in which the plaintiff was working at the time of his discharge, it was his duty to recognize Mr. Hegner's authority as foreman; and if you shall further find that previous to his discharge plaintiff knew that Mr. Hegner was his foreman or overseer, and with such knowledge used the language to Mr. Hegner to which the latter testified, I charge you that this would constitute such an insubordination as would justify plaintiff's discharge. Therefore, if you shall find that Mr. Hegner was plaintiff's foreman, and that the plaintiff knew it, and having such knowledge used to Mr. Hegner the language testified to by him, your verdict must be for the defendant."

The trouble which resulted in plaintiff's discharge appears to have arisen from an exaggerated idea on the part of plaintiff of his position upon the staff of defendant, and the zealous, and not entirely modest, notions of the foreman of the engraving department concerning the dignity of his position as foreman. Plaintiff was not ignorant of his rights. He kept a memorandum of whatever he did. And, when he was asked to go from defendant's office to work for an outsider, he consulted his attorney before he would go. But the finale, the situation which culminated in the discharge of plaintiff, is told by both the plaintiff and the foreman. Sparing the reader the details, it in our opinion results in this: that whether the plaintiff was oversensitive, or whether the defendant's

173 MICH.—17.

foreman was overdignified, was upon the trial a question for the jury.

We are satisfied with the instructions which were given, and therefore affirm the judgment appealed from.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.